A93A0718. SECURITY SERVICES, INC. v. JOHN H. HARLAND COMPANY.
(433 SE2d 324)

BLACKBURN, Judge.

The appellant, Security Services, Inc., formerly known as Riss International Corporation (Riss), commenced this action against the John H. Harland Company (Harland), seeking to recover alleged freight undercharges. The trial court granted summary judgment for Harland, and Riss appeals.

Riss was a motor common carrier, which, from November 1986 to September 1988, entered into a series of 68 contracts to transport goods for Harland. After Riss filed a Chapter 11 petition under the United States Bankruptcy Code, an audit revealed that Riss had undercharged Harland a total of $41,307.84 for those shipments. When Harland refused Riss's demand for payment of those alleged undercharges, this action ensued.

The pertinent Interstate Commerce Commission (ICC) tariff filing regulations are contained in Part 1312 of Title 49 of the Code of Federal Regulations. 49 CFR 1312.30 generally provides that when a motor common carrier publishes mileage rates rather than rates stated in cents per 100 pounds, it may either (a) publish the distances between all points for which mileage rates are published, (b) attach a

map to the tariff, or (c) refer to a distance guide filed with the ICC.

49 CFR 1312.27 (e) requires carriers who choose to incorporate a third party's tariff to participate in that tariff, and under 49 CFR 1312.10 (a) such participation is accomplished by executing a power of attorney. Lastly, 49 CFR 1312.4 (d) provides in part that "a carrier may not participate in a tariff issued in the name of another carrier or an agent unless a power of attorney or concurrence has been executed. Absent effective concurrences or powers of attorney, tariffs are void as a matter of law."

Motor common carriers authorize agents to publish tariffs on their behalf, by executing the requisite powers of attorney. When an agent is so authorized to publish a tariff on behalf of a carrier, it identifies the carrier as a participating carrier in that tariff. Household Goods Carriers' Bureau (HGCB) is such an agent, and the distance-based rate tariff claimed by Riss in this case purported to refer to or incorporate the HGCB mileage rate, i.e., the ICC HGCB 100 series. However, it is uncontroverted that Riss's power of attorney authorizing the HGCB to publish mileage tariffs on its behalf was terminated, and that Riss's participation in the HGCB tariff was cancelled, effective February 19, 1985, well before the alleged undercharges in this case.

On appeal, Riss contends that the HGCB mileage guide is not a tariff, and that even if that mileage guide is a tariff, voiding the tariff charged to Harland because of its failure to participate in the HGCB tariff would constitute an impermissible retroactive rejection of a tariff. These same issues were raised by a motor common carrier seeking undercharges in *Freightcor Svcs. v. Vitro Packaging*, 969 F2d 1563 (5th Cir. 1992).

In *Freightcor*, the court held that the HGCB mileage guide constituted a tariff, based upon the definition provided in 49 CFR 1312.1 (b): "(35) 'Tariff' means a publication containing rates, classification ratings, rules, regulations, and other provisions as amended, filed in the carrier's or an agent's name." Inasmuch as the motor common carrier referred to the HGCB mileage guide, but did not participate in it by executing the requisite power of attorney, the carrier's tariff was void under 49 CFR 1312.4 (d). As a result, the carrier could not recover any alleged undercharges.

With regard to the issue of retroactive rejection of a tariff, the *Freightcor* court distinguished between rejecting a tariff and determining when a tariff is effective. 49 CFR 1312.4 (d) defines when a tariff is effective or void, through either the action or inaction of the carrier, and thus actually does not involve rejection of a tariff. Nevertheless, under *Interstate Commerce Comm. v. American Trucking Assns.*, 467 U. S. 354 (104 SC 2458, 81 LE2d 282) (1984), an ICC regulation is valid if it furthers a specific statutory mandate of the ICC,

and is directly and closely tied to that mandate. Even if finding a tariff void pursuant to 49 CFR 1312.4 (d) constitutes retroactive rejection of a tariff, that regulation meets the criteria delineated in *American Trucking Assns.*, supra.

In the instant case, the trial court found *Freightcor* on point and persuasive. We agree, and conclude that the trial court properly granted summary judgment for Harland.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 9, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 — 

*Arthur B. Seymour*, for appellant.
*Mitchell & Jones, Bruce E. Mitchell, Thomas L. Smith, Jr.*, for appellee.